IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

TENA SMITH,

        Plaintiff,                      Case No.

v.                                                 Judge
                                                   Magistrate Judge

NATIONAL PEN
CORPORATION,                               JURY DEMAND
        Defendant
_____/

## COMPLAINT

Plaintiff, Tena Smith, worked for Defendant without incident until she needed to take FMLA leave and requested accommodations for her disability. After that, she was segregated from her colleagues and placed in a dismal office that has a leaking roof, mold on the floors and walls, and no access to common areas and breakrooms. Defendant refused accommodations that would have allowed her to use a mobility device at work to get to less accessible locations within the facility. Accordingly, Ms. Smith files the instant Complaint for violations of the ADAAA, FMLA, and the TDA.

### PARTIES

1. Plaintiff, Ms. Tena Smith, is a citizen and resident of Shelbyville, Bedford County, Tennessee, and a current employee of Defendant. Plaintiff works at Defendant's Shelbyville, Bedford County, Tennessee location.

2. Defendant National Pen is a Delaware for profit corporation licensed to operate in Tennessee. Defendant's registered agent is Corporation Service Company 2908 Poston Avenue, Nashville, TN 37203-1312. At all material times, Defendant has been an employer as defined by

1

the ADA, FMLA and under state law.

3. At all material times Defendant has been an employer as defined by the ADA, 42 U.S.C. § 12111.

4. At all times material to this action, based on information and belief, Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2017 and/or 2018 and is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(A).

## JURISDICTION AND VENUE

5. This is an action for unlawful employment practices brought under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") (Count I); the Tennessee Disability Act, T.C.A. § 8-50-103 ("TDA") (Count II); and the Americans with Disabilities Act 42 U.S.C. §§ 12101 *et. seq.* ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA") (Count III).

6. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

7. Plaintiff complied with all conditions precedent to the filing of her claims pursuant to 42 U.S.C. § 12101 *et. seq*, to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice. The EEOC has issued Plaintiff a Notice of Right to Sue and this action was commenced within 90 days of receipt of the Right to Sue.

## FACTS

8. Plaintiff, Tena Smith, has been employed by Defendant since March 2016, most recently as a customer relations manager.

9. Plaintiff suffers from systemic disabilities including rheumatoid arthritis and lymphedema. Plaintiff's disability affects the major bodily systems including the nervous, muscular and skeletal systems, urinary system, lymphatic system, joints, skin and major life activities of walking and standing, among others.

10. Plaintiff is a qualified individual with a disability under 29 C.F.R. §1630.2(h)(1).

11. Plaintiff was qualified for her job with Defendant and performed her job duties in a competent and satisfactory manner.

12. Plaintiff requested and was granted medical leave pursuant to the Family and Medical Leave Act on an intermittent basis for flare ups and treatment of her disability.

13. Plaintiff requested an accommodation to use a mobility device at work, to not climb stairs, and to be no more than 25 feet from a restroom.

14. Plaintiff's ordinary workspace was housed on the second floor of Defendant's facility. All of the non-disabled members of the account marketing team are housed in an open floor plan on the second floor. The second floor was recently renovated and has a deluxe, multi-stall bathroom with high end finishes and a deluxe break room area.

15. Individuals reach the second floor by climbing a steep staircase. When the second floor was renovated, National Pen neither installed an elevator nor repaired the existing elevator, which does not function.

16. The account marketing team is made up of individuals who market and sell Defendant's products over the phone. It is a team environment and multiple efforts are made to encourage high performance including fun and wacky activities and games and incentives.

17. After Plaintiff requested FMLA and accommodations, she was assigned to work in a house completely separated from the building where her team was located, and which had been

3

infested by rats, and was condemned.

18. Ms. Smith complained about her work location, and after the house was condemned, she was relocated to a space off the production area on the first floor. This area already housed individuals from the purchasing department who created a hostile environment by either being noisy or loudly complaining that Ms. Smith was too loud because they seemed to not understand that Ms. Smith's job required her to be on the phone for the better part of the day.

19. The workspace that Defendant placed Ms. Smith in, described as the "purchasing room" is more than 50 feet from a restroom. Ms. Smith was not allowed to bring a mobility device, such as a wheelchair, to the worksite. As a result, Ms. Smith could not walk to the restroom.

20. Ms. Smith presented a doctor's note stating that she must be allowed to use a mobility device and needed to be within 50 feet of a restroom.

21. Defendant moved Ms. Smith from the purchasing room to an isolated room at the back of Defendant's production facility. This room is more than 200 feet from the purchasing room.

22. The isolated room is dark and wet. When it rains, the roof leaks into the room. There is residual mold on the walls. The room is closer than 50 feet to a restroom, however, the restroom is dirty, not cleaned regularly, and the water is orange with rust and other minerals.

23. Ms. Smith cannot access the restrooms other non-disabled employees use, she cannot access the break rooms that other non-disabled employees use, and she cannot access the workspace where her teammates are housed.

24. Ms. Smith cannot participate in any of the sales incentive activities with her team because she cannot climb the stairs and no one makes any effort to include her.

25. When she was housed in the back room, Ms. Smith arrived at work, worked in her

dank room, and went home. Her supervisor does not come to the room to interact with her other than to bring her a paycheck stub every month or so.

26. When the team is engaged in activities upstairs, such as pizza parties or birthday parties or other incentives, Ms. Smith is not included.

27. When there is a meeting held on the first floor, an employee in a golf cart may come and pick Ms. Smith up to bring her to the meeting. However, Ms. Smith is not allowed to ask for the golf cart to transport her at any other time.

28. Feeling depressed, neglected, and alone, Ms. Smith moved back to the purchasing room, although it is more than 25 feet from a restroom.

29. Sometime in 2019, Defendant renovated two large closets and created a new workspace, with new building materials and new paint, that is less than 20 feet from a restroom. Rather than assigning Ms. Smith and other employees with disabilities to this new workspace close to the restroom, Defendant instead assigned the purchasing department to that space. On information and belief, none of the employees in that workspace have disabilities or require accommodations.

30. Defendant has established separate, and not-equal, worksites for its employees due to their disability.

31. Regulations containing an interpretive guidance to Title I of the Americans with Disabilities Act are published in 29 CFR 1630 Appendix.

32. Section 1630.2(o) Reasonable Accommodations States as follows:

The accommodations included on the list of reasonable accommodations are generally self explanatory. However, there are a few that require further explanation. **One of these is the accommodation of making existing facilities used by employees readily accessible to , and usable by, individuals with disabilities. This accommodation includes both those areas that must be accessible for the employee to perform essential job functions, as well as non-work areas used by the employer's employees for other purposes. For**

5

Case 4:19-cv-00070-TAV-SKL    Document 1    Filed 10/16/19    Page 5 of 10    PageID #: 5

**example, accessible break rooms, lunch rooms, training rooms, restrooms, etc. may be required as reasonable accommodations.**

29 CFR 1630.2(o). (Emphasis added).

33. Section 1630.5 Limiting, Segregating and Classifying states as follows:

Covered entities are also prohibited from segregating qualified employees into separate work areas or into separate lines of advancement on the basis of their disabilities. … **[I]t would be a violation for an employer to assign or reassign (as a reasonable accommodation) employees with disabilities to one particular office or installation, or to require that employees with disabilities only use particular employer provided non-work facilities such as segregated break-rooms, lunch rooms, or lounges.** It would also be a violation of this part to deny employment to an applicant or employee with a disability based on generalized fears about the safety of an individual with such a disability, or based on generalized assumptions about the absenteeism rate of an individual with such a disability.

29 CFR 1630.5. (Emphasis added).

## Count I
## Violation of FMLA

34. Plaintiff restates and incorporates herein the foregoing paragraphs.

35. At all times material to this action, Plaintiff was an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

36. Defendant is an eligible employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

37. Plaintiff was entitled to receive FMLA leave to care for her serious health conditions.

38. Defendants subjected Plaintiff to disparate terms and conditions of employment after she requested FMLA, including but not limited to, sequestering her in a workspace segregated from non-disabled employees, did not provide access to break rooms and common areas, and segregated her from her team.

39. Plaintiff was entitled to receive FMLA on an intermittent and on a continuous basis.

40. Defendants' actions constitute both a retaliation violation of the FMLA.

6

41. Defendants' conduct was a motivating factor in adverse employment actions against Plaintiff.

42. Defendants' conduct harmed and caused damage to Plaintiff.

43. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**Count II**
**Violation of TDA- Disability Discrimination/Retaliation**

44. Plaintiff restates and incorporates herein the foregoing paragraphs.

45. Plaintiff was a qualified individual with a disability.

46. Plaintiff was discriminated against due to her disability.

47. Plaintiff was subjected to a hostile work environment and discrimination because of her disability.

48. Defendant has violated the TDA by segregating employees with disabilities into worse working conditions that non-employees. Defendant violated the TDA by sequestering her in a workspace segregated from non-disabled employees, did not provide access to break rooms and common areas, and segregated her from her team.

49. As a direct and proximate result of Defendants unlawful acts, Plaintiff suffered and continues to suffer emotional pain and physical pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

50. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## Count III
## Violation of ADA/ADAAA- Disability Discrimination/Retaliation

51. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

52. Plaintiff was a qualified individual with a disability.

53. Defendant discriminated and retaliated against Plaintiff because of her disability in violation of the ADA.

54. Defendant has violated the ADA by segregating employees with disabilities into worse working conditions that non-employees. Defendant violated the ADA by sequestering her in a workspace segregated from non-disabled employees, did not provide access to break rooms and common areas, and segregated her from her team.

55. Plaintiff could perform the essential functions of her job with reasonable accommodation. Plaintiff made a request for reasonable accommodation, including, not climbing stairs, use of a mobility device and proximity to the restroom.

56. Plaintiff was subjected to a hostile work environment, and in retaliated against due to her disability and due to requests for reasonable accommodation.

57. Defendant discriminated against Plaintiff by placing her in a workspace that is significantly worse than the workspace of non-disabled employees.

58. Defendant retaliated against Plaintiff by segregating her from her teammates, not providing access to breakrooms and common areas and not making any efforts to include Plaintiff in any team activities.

59. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional and physical pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

60. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## RELIEF REQUESTED

Plaintiff respectfully requests:

1. Judgment in her favor on all counts;

2. A jury trial;

3. Back pay and damages for lost benefits;

4. Reinstatement or front pay;

5. Damages for physical pain, embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

6. Punitive damages;

7. Liquidated damages under the FMLA;

8. Attorneys' fees and expenses;

9. Prejudgment interest and, if applicable, post-judgment interest; and

10. Such other and further legal or equitable relief to which she may be entitled under the FMLA, ADA, TDA, including a declaration that Defendant violated her civil rights and training for Defendant's managers so that they will not continue to discriminate against other employees because of their disability.

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099
Anne Hunter BPR # 022407
Paige M. Lyle BPR # 032959
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320

9

Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com
paige@collinshunter.com

*Attorneys for Plaintiff*